Gibson, J.
With respect to relators’ prayer that this court compel respondents Mainwaring and Nelson “to issue” and approve certain rules and regulations, attention must be given to Section 4501.02, Revised Code, which provides in pertinent part:
“* * * The registrar shall administer the laws of the state relative to the registration of and certificates of title for motor vehicles * # *. He may, with the approval of the director of highway safety, adopt and promulgate such forms, rules and regulations as are necessary to carry out all laws he is required to administer. * * *” (Emphasis added.)
It seems clear that the General Assembly, which charged the registrar with the responsibility of administering the laws of the state relative to the registration and certificates of title for motor vehicles, has left to his discretion, subject to the approval of the Director of Highway Safety, what forms, rules and regulations are necessary for the administration of such laws and whether to adopt such. There is no clear legal duty to adopt any rule or regulation under this grant of authority. A fortiori, there is no clear legal duty to issue a particular rule or regulation.
It is possible of course, for a person having standing to sue, to test whether a rule or regulation which the Registrar of Motor Vehicles has promulgated is necessary for the administration of the laws of the state relative to the registration and certificates of title for motor vehicles or is otherwise unlawful. Consequently, it is assumed that relators here are challenging the validity of the rules and regulations here in question.
The duty of the owner of a motor vehicle which is dismantled to surrender the certificate of title to the clerk of courts for cancellation is found in two sections of the Revised Code. Section 4505.11, entitled ‘ ‘ Surrender and cancellation of certificate of title,” provides, inter alia:
“Each owner of a motor vehicle and each person mentioned as owner in the last certificate of title, when such motor vehicle is dismantled, destroyed, or changed in such manner that it loses its character as a motor vehicle, or changed in such manner that it is not the motor vehicle described in the certificate of title, shall surrender his certificate of title to the clerk of the court *500 of common pleas who issued it, and thereupon said clerk shall, with the consent of any holders of any liens noted thereon, enter a cancellation upon his records and shall notify the registrar of motor vehicles of such cancellation.” (Emphasis supplied.)
Section 4505.18, entitled “Operation or sale of motor vehicle without certificate of title,” provides in pertinent part:
“No person shall:
(( # * *
“(D) Fail to surrender the certificate of title to the clerk of the court of common pleas as provided in sections 4505.01 to 4505.19, inclusive, of the Revised Code, in case of the destruction or dismantling or change of a motor vehicle in'such respect that it is not the motor vehicle described in the certificate of title * * *.” (Emphasis supplied.)
The relators rely upon the words, “and each person mentioned as owner in the last certificate of title,” contained in Section 4505.11, and subsection (F) added to Section 4505.18 in 1963 as authority for invalidating the 1962 directive.
Turning first to relators’ second contention, we find that subsection (F) reads as follows: “(F) This section 4505.18 of the Revised Code does not apply to persons engaged in the business of warehousing or transporting motor vehicles for the purpose of salvage disposition.” This language if taken literally would mean that no part of the section, including subsection (F), applies to persons engaged in the business of warehousing or transporting motor vehicles for the purpose of salvage disposition. A literal reading would nullify the legislative intention and reach an absurd result. The only reasonable construction is that subsections (A) through (E) do not apply to such persons. Further, although any automobile salvage dealer may warehouse (store) or transport motor vehicles for the purpose of salvage, it can not reasonably be said that such a dealer is “engaged in the business” of warehousing or transporting motor vehicles for salvage. As the relators allege in their petition, they are ‘ ‘ engaged in the business of auto and truck wrecking and the salvage and sale of used and re-built auto and truck parts.” They have stipulated that they are not engaged in the business of warehousing or transporting motor veMcles for hire, which, in our opinion, is necessary to come witldn the terms of subsection (F).
*501 It is the relators’ contention that the certificate of title referred to in Section 4505.11, Revised Code, is that of the person from whom the motor vehicle is purchased. This argument emphasizes the words, “each person mentioned as owner in the last certificate of title,” but ignores the introductory words, “Each owner of a motor vehicle and.” These phrases can not be reconciled solely by a consideration of the language of the section but must be read in the light of the policy of the whole Certificate of Title Act, Chapter 4505, Revised Code.
The public policy declared by the Ohio Certificate of Title Act is to require each and every owner in the chain of title of a motor vehicle to secure a certificate of title. Thus no person may lawfully purchase or otherwise acquire a motor vehicle without obtaining a certificate of title in his name. Section 4505.03, Revised Code. Further, no person acquiring a motor vehicle from the owner thereof acquires any right, title, claim or interest in or to such vehicle until he has had issued to him a certificate of title; and courts are prohibited, in any case at law or in equity, from recognizing the right, title claim or interest of any person in or to any motor vehicle sold or disposed of, or mortgaged or encumbered, unless evidenced by a certificate of title or admitted by the pleadings or stipulation of the parties to the suit. Section 4505.04, Revised Code. See Kelley Kar Co. v. Finkler (1951), 155 Ohio St., 541; and Brewer v. DeCant (1958), 167 Ohio St., 411.
Relators argue that an automobile or truck bought by a salvage dealer for salvage is not a motor vehicle requiring a certificate of title because it is not a “vehicle” within the meaning of Section 4501.01 (A), Revised Code. This statutory definition of vehicle includes everything on wheels or runners, with certain exceptions. As far as dismantled automobiles are concerned, were it not for the exception, many dismantled automobiles in a salvage dealer’s inventory would still be on wheels and continue to be classed as motor vehicles. Further in this connection, relators point out that a vehicle used by a salvage company in the discharge of its functions need not belong to such company in order to be exempt from the required certificate of title. Although technically a vehicle which is used in the discharge of a salvage company’s functions, as well as a vehicle belonging to such company, appears to be excepted from *502 the definition of vehicle, this reasonably can relate only to automobiles which have been dismantled to the extent that they have lost their character as motor vehicles. For example, there is no question that wreckers which are used by salvage companies in the discharge of their functions must have certificates of title.
Relators admit that an automobile purchased by a.salvage dealer and used in its business as an automobile is a motor vehicle when purchased. They argue, however, that, when a salvage dealer buys an automobile with the intention of salvaging such motor vehicle, it, at the instant of purchase, ceases to be a motor vehicle. This contention, if sustained, would allow a salvage dealer to dismantle and destroy the property of another with immunity because until a certificate of title has been issued to the salvage dealer the motor vehicle purchased by it does not yet belong to it.
Basically then the issue in this case is, when does a motor vehicle lose it character as such? Relators would have the determination depend upon the nature of the business and the intention of the purchaser of the motor vehicle. On the other hand, respondents would have the determination depend upon the change in the physical structure of the property. In our opinion, an automobile purchased by a salvage dealer for salvage or any other purpose ceases to be a motor vehicle only when it has been so dismantled, destroyed or changed that it physically is no longer a motor vehicle or is not the motor vehicle described in the purchaser’s certificate of title. At that time, and no sooner, the certificate of title of the automobile salvage dealer is to be surrendered to the Clerk of the Court of Common Pleas for cancellation.
For the reasons stated above, the procedures followed since January 1962 in the cancellation of the certificates of title to dismantled motor vehicles are neither unreasonable nor unlawful.

Writ denied.

Zimmerman, O’Neile, Griffith and Herbert, JJ., concur.
Taft, C. J., dissents from paragraphs two and three of the syllabus and from the judgment.
Matthias, J., not participating.